## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHANIEL R. MCCLURE,
      Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBERS
DE-4324-16-0220-I-1
DE-1221-16-0219-W-1

DATE: February 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shaun Yancey</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Michael E. Anfang</u>, Esquire, Kansas City, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his joined Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and whistleblower reprisal individual right of action (IRA) appeals. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the administrative judge's analysis of the whistleblower reprisal claim, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant, a veteran, had been employed by the agency at the Wichita, Kansas, Veterans Affairs Medical Center (Wichita VAMC) since October 5, 2014, when, on March 22, 2015, the agency converted him from a temporary appointment to a career-conditional appointment, subject to the completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 12 at 17, 23-24.[2] From March 24-26, 2015, the Wichita VAMC held a 3-day meeting, which the appellant attended. IAF, Tab 1 at 12, Tab 12 at 7. During the meeting, the appellant allegedly threw his pen down in frustration, refused to sit at a table with his group, and stated that the lead facilitator "better not make [him] go full soldier on her." IAF, Tab 16 at 11-12. He also allegedly stated that he would like to "blow [the facilitator's] car about three feet off the ground." *Id*.

---

[2] All references to "IAF" are to the file in *McClure v. Department of Veterans Affairs*, MSPB Docket No. DE-4324-16-0220-I-1.

Witnesses to the alleged conduct reported the incidents to agency officials, and, on April 17, 2015, the agency terminated the appellant during his probationary period. *Id.*; IAF, Tab 12 at 25-28; Tab 22, Hearing Compact Disc (HCD) (testimony of T.H., L.W., F.V.).

¶3    The appellant appealed his probationary termination to the Board, and the administrative judge issued an initial decision dismissing his appeal for lack of jurisdiction. *McClure v. Department of Veterans Affairs*, MSPB Docket No. DE-315H-15-0365-I-1, Initial Decision (July 6, 2015). On March 2, 2016, after exhausting his Office of Special Counsel remedies for his allegation that his termination was due to whistleblower reprisal, the appellant filed an appeal with the Board's Denver Field Office. IAF, Tab 1, Tab 11 at 67-68. The administrative judge docketed separate appeals for his whistleblower reprisal claim, MSPB Docket No. DE-1221-16-0219-W-1, and his USERRA discrimination claim, MSPB Docket No. DE-4324-16-0220-I-1. IAF, Tab 2 at 2. He joined the appeals for processing and determined that the Board had jurisdiction over both appeals. IAF, Tab 2 at 2-3, Tab 10 at 2-5.

¶4    Following a hearing, the administrative judge issued one initial decision for both appeals finding that the appellant failed to carry his burden regarding the USERRA claim and that, although he established a prima facie claim of whistleblower retaliation, the agency met its burden of showing that it would have taken the same action even absent whistleblowing. IAF, Tab 23, Initial Decision (ID) at 5-16. Because the administrative judge determined that the appellant's USERRA and whistleblowing claims failed, he denied the appellant's request for corrective action. ID at 16.

¶5    The appellant has filed one petition for review, primarily arguing that the initial decision contains erroneous findings of fact and that the administrative judge erred in his analysis and conclusion that the agency proved by clear and convincing evidence that it would have taken the same action even in the absence

of the whistleblowing.  Petition for Review (PFR) File, Tab 1 at 19-29.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We will not disturb the administrative judge's finding that the appellant made a prima facie showing of whistleblower retaliation.

¶6    To establish a prima facie case of whistleblower retaliation, the appellant must prove by preponderant evidence that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him.    5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).  On review, it is not disputed that the appellant made such a showing.  He alleged that he made several disclosures to the Chief of Surgery and Orthopedic Services asserting that the agency manipulated data regarding patient wait times, faced a critical shortage of staff in the operating rooms, made minimal attempts to address necessary repairs, and failed to honor contracts with outside vendors.  IAF, Tab 1 at 10-11, Tab 6 at 5-7; ID at 12.  The administrative judge found that the appellant established by preponderant evidence that he reasonably believed the disclosed information constituted a violation of law, rule, or regulation, as well as a substantial and specific danger to public health or safety.  ID at 12-13.  This finding has not been challenged on review, and, after our review of the record, we find no reason to disturb it.

¶7    The appellant also alleged that the disclosures were a contributing factor in his termination.  IAF, Tab 6 at 17-20.  The administrative judge concluded that, because one of the witnesses to the appellant's misconduct also was present when the appellant made his disclosures to the Chief of Surgery, and the deciding official's decision was based, in part, on that witness's report regarding the appellant's misconduct, the deciding official had constructive knowledge of the disclosures.  ID at 13; *see Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014) (stating that an appellant can show that a protected disclosure was a

contributing factor by proving that the deciding official had constructive knowledge of the disclosure, even if the official lacked actual knowledge, and that one way of establishing constructive knowledge is by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action). Thus, the administrative judge found that the appellant established by preponderant evidence that his disclosures were a contributing factor to the agency action and, consequently, that the appellant established a prima facie case of whistleblower reprisal. ID at 14. These findings have not been challenged on review, and, after our review of the record, we find no reason to disturb them.

<u>The administrative judge correctly found that the agency proved by clear and convincing evidence that it would have taken the same action regardless of the whistleblowing activity.</u>

¶8        Once the appellant makes a prima facie showing of whistleblower retaliation, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. *Lu*, [122 M.S.P.R. 335](), ¶ 7. Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established; it is a higher standard than the "preponderance of the evidence" standard. *Sutton v. Department of Justice*, [94 M.S.P.R. 4](), ¶ 18 (2003), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004); [5 C.F.R. § 1209.4]()(e). In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider all of the relevant factors, including the following (*Carr* factors): the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Soto v. Department of*

*Veterans Affairs*, 2022 MSPB 6, ¶ 11; *see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[3]  The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole.  *Lu*, 122 M.S.P.R. 335, ¶ 7.  The Board considers all the evidence, including evidence that detracts from the conclusion that the agency met its burden.  *Soto*, 2022 MSPB 6, ¶ 12; *see also Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

¶9        After conducting a *Carr* factors analysis, the administrative judge determined that the agency met its burden and denied the appellant's request for corrective action.  ID at 14-16.  The appellant's primary contention on review is that the administrative judge misapplied the *Carr* factors and that, therefore, the agency did not meet its burden.  PFR File, Tab 1 at 19-28.

*Strength of the Agency's Evidence in Support of Its Action*

¶10       Regarding the first *Carr* factor, the administrative judge found that the agency's reasons for terminating the appellant were overwhelmingly strong.  ID at 15.  After reviewing the record, we agree with this conclusion, but, due to the administrative judge's brief discussion of this factor, we supplement his analysis here.  The record shows that the agency submitted two reports from eyewitnesses to the alleged conduct, IAF, Tab 16 at 11-14, and both witnesses testified at the hearing regarding their observations, HCD (testimony of T.H. and L.W.).  The Wichita VAMC Director also testified regarding his involvement in processing the eyewitness reports and meeting with the two eyewitnesses to discuss their

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act, Pub. L. No. 115 195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

observations. HCD (testimony of F.V.). The Director also testified regarding his communication with the deciding official wherein he relayed the information from the two eyewitnesses. *Id.* Additionally, the deciding official testified during the hearing that she relied on a report from one of the eyewitnesses and the Director's account of his discussion with both eyewitnesses in making her decision. HCD (testimony of S.P.); ID at 4.

¶11 In his petition for review, the appellant argues that one of the eyewitnesses dated her report of contact regarding his misconduct on March 27, 2015, but that it was only submitted to agency officials on April 9, 2015, after she learned that the appellant met with another agency director. PFR File, Tab 1 at 23-25. He also claims that the eyewitness's testimony was "clearly tainted" because she was aware of the protected disclosures and that her testimony contained "many inconsistencies and evidence of bad faith" because she provided an incorrect date in her report. *Id.* at 14, 21-22. The appellant further argues that the second eyewitness report was provided only after the termination letter had been issued and that neither the deciding official nor the Director witnessed the alleged misconduct. *Id.* at 22-23. The appellant also challenges the administrative judge's credibility determinations—which found that agency witnesses provided more credible testimony than did the appellant regarding the alleged misconduct—and the administrative judge's denial of one of his witness requests. *Id.* at 23.

¶12 Regarding the appellant's allegation that the first witness submitted her report after she learned of the appellant's meeting with an agency director, we find that this allegation is not supported by the record. The email chain to which the appellant refers does not make clear that the witness sent her report on April 9, 2015. IAF, Tab 11 at 78-84. Given the redacted portions of the email, the lack of reference to the appellant's name, the lack of information provided by the attachment graphic, and the lack of adequate contextual clarification, *id.* at 84, we find that the email chain does not contain sufficient information to

establish that the witness only sent the report of the appellant's misconduct after learning that he met with an agency director.

¶13 Moreover, although the appellant is correct that the deciding official and the Director were not present to personally witness the alleged misconduct, and it appears that one of the eyewitness reports was submitted on the same day that the appellant was terminated, IAF, Tab 16 at 14, we find the evidence supporting the agency's termination action to be strong. The record includes credible testimony[4] from at least four witnesses, two of whom directly observed the misconduct, and detailed written reports from the two eyewitnesses. HCD (testimony of T.H., L.W., F.V., S.P.). Further, even though one of the eyewitnesses was present when the appellant made the protected disclosures, this does not weaken the agency's evidence or "taint" the eyewitness's testimony, as the administrative judge already determined her testimony to be credible. ID at 10.

¶14 We observe that the appellant's effort to present countervailing evidence was partially hindered by the administrative judge's denial of one of his witness requests, but we find that the administrative judge did not err in that denial. The appellant had proffered that the witness could testify "concerning his interactions" with the deciding official regarding a police report about the appellant. IAF, Tab 17 at 14; PFR File, Tab 1 at 25. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on these

---

[4] The Board defers to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of the witnesses testifying at a hearing and overturns such determinations only when it has "sufficiently sound" reasons for doing so. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge's credibility determinations were based on witness demeanor during the hearing. ID at 10-11. Because the appellant has not provided a "sufficiently sound" reason to overturn these determinations, we will not disturb them here.

grounds, the petitioning party must show on review that a relevant witness or evidence, which could have affected the outcome, was disallowed. *See Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011). The administrative judge explained that he denied the appellant this witness because the proffer was open-ended and because the witness was several steps removed from the original evidence. IAF, Tab 18 at 4 n.3. On review, the appellant has not provided any argument or evidence to dispute this explanation or to make the required showing of how that witness would have affected the outcome. Thus, we find that the appellant failed to show that the administrative judge abused his discretion in this regard or erred in denying the witness request.

¶15    In its totality, and in consideration of the appellant's countervailing evidence, *see Soto*, 2022 MSPB 6,¶ 11, we find that the agency's evidence supporting the appellant's termination is strong. Therefore, we find that this factor cuts in favor of the agency.

> *Existence and Strength of Any Motive to Retaliate on the Part of the Agency Officials Who Were Involved in the Decision*

¶16    Regarding the second *Carr* factor, the administrative judge found that the evidence of agency motive to retaliate was weak. ID at 15. In arriving at this conclusion, he analyzed the evidence of potential retaliatory motive on the part of the Chief of Surgery and the eyewitness to the alleged misconduct who also was present for the appellant's protected disclosures. *Id*. He found it "inherently improbable" that several months after the appellant made the protected disclosures, the Chief of Surgery, who agreed that the facilitator for the March 2015 meeting did a poor job, "embarked on some kind of secret campaign to get the appellant terminated." *Id*. The administrative judge also found it more improbable that the eyewitness, who had a prior friendship with the appellant, would fabricate her account of the appellant's misconduct in retaliation for his whistleblowing activity. *Id*.

¶17       Although we agree with the administrative judge's analysis of the second *Carr* factor as it relates to the two individuals discussed above, we supplement the initial decision to address more explicitly the potential retaliatory motives of the deciding official and the Director to whom the eyewitnesses reported their observations.  We find that these individuals were the primary agency officials who were involved in the decision to terminate the appellant and should have been discussed in analyzing agency officials' motive to retaliate.  *See Miller v. Department of Justice*, 842 F.3d 1252, 1261-62 (Fed. Cir. 2016).[5]

¶18       On review, the appellant argues that the deciding official had a motive to retaliate because "she did not want to jeopardize her job by defending [his] position on the whistleblower reprisal."  PFR File, Tab 1 at 26.  However, although the deciding official may have had constructive knowledge of the appellant's disclosures for purposes of the contributing factor analysis, there is no evidence to suggest that she had actual knowledge of the disclosures that could have provided her with a motive to retaliate against the appellant.  ID at 13; HCD (testimony of S.P.); *see Carr*, 185 F.3d at 1324-26 (addressing the difference in proving whether a protected disclosure was a contributing factor to the adverse action and whether the agency met its burden of proving that it would have taken the same action in the absence of the disclosure).  Further, although the eyewitness to the alleged misconduct who also was present for the appellant's protected disclosures submitted a report regarding the appellant's misconduct, there is no evidence that she otherwise had any influence over the deciding official.  *See Carr*, 185 F.3d at 1326.  Indeed, the deciding official testified that she did not work with the witness and could not recall whether she actually had met the witness in person.  HCD (testimony of S.P.).  Regardless, even if we concluded that the witness should be considered an agency official who had influence over the deciding official, the administrative judge determined that the

---

[5] There was no proposing official in this action, as the appellant was terminated during his probationary period.

witness did not have a strong motive to retaliate, and we agree. ID at 15; *see supra* ¶ 16.

¶19    The appellant also asserts on review that the Director and the Chief of Surgery "had a clear desire to keep the patient wait-times out of the media given the [a]gency's current media attention to patient wait-times." PFR File, Tab 1 at 26. The Director is presumably responsible for the agency's overall performance, and we agree that the substance of the appellant's disclosures is of the type that could potentially reflect badly on the agency's performance and/or reputation even if it did not reflect poorly on the Director directly. *See Chavez v. Department of Veterans Affairs*, [120 M.S.P.R. 285](#), ¶ 33 (2013). In *Whitmore*, 680 F.3d at 1370, the court stated "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." The court in *Whitmore* determined that, when a whistleblower makes highly critical accusations of an agency's conduct that draws the attention of high-level agency managers, the fact that an agency official is "outside the whistleblower's chain of command, not directly involved in alleged retaliatory actions, and not personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence," and that the Board should consider any motive to retaliate on the part of the agency official who ordered the action, as well as that of any officials who influenced the action. *Id*. at 1371. Similarly, in *Robinson v. Department of Veterans Affairs*, [923 F.3d 1004](#), 1019 (Fed. Cir. 2019), the court found that, although the deciding official did not have a personal motive to retaliate against the appellant for contradicting an agency Under Secretary, the Board's administrative judge erred by failing to consider whether he had a "professional retaliatory motive" against the appellant because his disclosures "implicated the capabilities, performance, and veracity of [agency] managers and

employees, and implied that the [agency] deceived [a] Senate Committee." Here, however, there is no evidence that the Director was aware of the appellant's disclosures, ID at 13-14; HCD (testimony of S.P., F.V.), and we can find no evidence suggesting that the Chief of Surgery was involved in the decision to terminate the appellant. Accordingly, we agree with the administrative judge's ultimate finding that the evidence of agency motive to retaliate is weak.

*Evidence That the Agency Takes Similar Actions Against Employees Who Are Not Whistleblowers but Who Are Otherwise Similarly Situated*

¶20 Regarding the third *Carr* factor, the administrative judge found that, because the deciding official testified that she never encountered an employee who engaged in the same misconduct as the appellant, this factor is neutral. ID at 16. According to discovery documents submitted by the appellant, the agency limited its response to a request for the identities of other employees who faced similar charges exclusively to employees who have reported to the deciding official. IAF, Tab 14 at 44. The agency concluded that there were no similar employees. *Id.*

¶21 On review, the appellant asserts that comparators are not required to be identical to the appellant and alleges that the agency manipulated its discovery responses so that its denial of any similarly situated nonwhistleblower employees was as specific as possible.[6] PFR File, Tab 1 at 28. Although we agree with the appellant that "similarly situated" does not mean "identically situated," *see Whitmore*, 680 F.3d at 1373, the appellant has not provided the names of any employees to whom he believes he was similarly situated, but who were rejected by the agency as not similarly situated to him. Nevertheless, we agree with the appellant that the agency took an exceedingly narrow approach to this factor. *See*

---

[6] To the extent that the appellant's contention on review amounts to a challenge to the agency's discovery responses, we find that he is precluded from doing so on review because he failed to challenge this particular issue in his motion to compel below. IAF, Tab 14 at 4-11; *see Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275,¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

*Miller*, 842 F.3d at 1262. When the agency fails to introduce relevant comparator evidence, the third *Carr* factor is effectively removed from consideration, although it cannot weigh in favor of the agency. *Soto*, 2022 MSPB 6, ¶ 18; *see also Rickel v. Department of the Navy*, 31 F.4th 1358, 1365-66 (Fed. Cir. 2022) ("The lack of evidence on the third *Carr* factor appears neutral[.]") (internal citation omitted). If the first two *Carr* factors are only supported by weak evidence, the failure to present evidence of the third *Carr* factor may prevent the agency from carrying its overall burden. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 30; *see also Miller*, 842 F.3d at 1262-63 (where an agency presented little or weak evidence for the first two *Carr* factors, the lack of *Carr* factor three evidence "if anything[] tends to cut slightly against the government").

¶22  Nevertheless, this is not a case that hinges on the third *Carr* factor. Weighing the *Carr* factors against one another and as a whole, we find that the agency met its overall burden by clear and convincing evidence. In our estimation, the strength of the agency's evidence supporting the termination action outweighs the slight evidence of retaliatory motive and the dearth of comparator evidence. Moreover, the appellant has not otherwise provided a reason to disturb the administrative judge's finding that the agency proved by clear and convincing evidence that it would have terminated him for his misconduct, regardless of his whistleblowing disclosures.

We will not disturb the administrative judge's findings of fact regarding the appellant's USERRA claim.

¶23  On review, the appellant appears to challenge a finding of material fact as it relates to his USERRA claim. The appellant alleges that the administrative judge erred in finding that the appellant provided an inaccurate reiteration of remarks made by a witness at previous hearings and at a deposition. PFR File, Tab 1 at 28; ID at 6-8. The appellant generally points the Board to "the hearing transcript," which we understand to be a transcript from a prior Board action and not a transcript for the instant action. PFR File, Tab 1 at 28. The administrative

judge outlined the relevant portion of the prior transcript and made his finding based on that portion and other record evidence. ID at 7-8. The petition for review fails to point to any specific portion of that transcript to refute the administrative judge's finding. As such, we find that the appellant has identified no specific information in the record that demonstrates that the administrative judge's finding was erroneous, and we will not disturb that finding here. 5 C.F.R. § 1201.115(a)(2).

¶24    The appellant also claims on review that the administrative judge erred by "apply[ing] the USERRA legal analysis to this matter as if it were a nonselection complaint and not an appeal challenging his [termination]." PFR File, Tab 1 at 28. In particular, he asserts that the administrative judge gave undue weight to the fact that the agency hired him knowing his military status and that such knowledge does not preclude any future discrimination motivated by an anti-military animus. *Id*. at 28-29.

¶25    We find the appellant's claim to be meritless. In addition to agency officials' early knowledge of the appellant's military status, the administrative judge also considered testimony regarding specific statements made by one of the witnesses who reported the appellant's misconduct and generalized statements attributed to the deciding official and other agency employees. ID at 6-11. He determined that none of these statements demonstrated anti-military animus and that the record as a whole failed to show that the appellant's uniformed service was a substantial or motivating factor in his termination. *Id*.; *see Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001). We find that the administrative judge properly weighed the evidence and provided sound reasoning for his findings. The appellant has not provided a basis to disturb those findings. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made

reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶26     Based on the foregoing, we affirm the initial decision as modified, still denying the appellant's requests for corrective action.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.